O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAR - 3 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIVHAN PRESTON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. EDCV 08-576 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

Plaintiff filed a Complaint herein on May 7, 2008, seeking review of the Commissioner's denial of her application for Supplemental Security Income benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on February 19, 2009. Thus, this matter now is ready for decision.[1]

**DISPUTED ISSUES**

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly considered the treating psychiatrist's evaluations regarding plaintiff's mental impairments.

2. Whether the ALJ properly considered plaintiff's testimony and made proper credibility findings.

3. Whether the ALJ properly considered the lay witness testimony.

4. Whether the ALJ properly considered the actual physical and mental demands of plaintiff's past relevant work.

5. Whether the ALJ posed a complete hypothetical question to the vocational expert.

## DISCUSSION

With respect to Disputed Issue No. 2, the Court finds that reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination. In the Court's view, while the ALJ could have done a better job, the reasons stated by the ALJ at AR 16 still were sufficiently specific to support the ALJ's finding that plaintiff's statements concerning the alleged disabling severity of the symptoms allegedly caused by her mental impairment were not "entirely credible." See, e.g., Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (ALJ may properly rely on inconsistency between claimant's subjective complaints and objective medical findings, lack of consistent treatment, and failure to seek treatment); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on lack of treatment); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on failure to pursue treatment).

With respect to Disputed Issue No. 3, for the reasons stated by the

Commissioner (see Jt Stip at 17), the Court finds that reversal is not warranted based on the ALJ's alleged failure to properly consider the lay testimony of plaintiff's mother that is reflected in the mother's "Function Report - Adult - Third Party" dated September 19, 2005. (See AR 67-74).

With respect to Disputed Issue No. 1, for the reasons stated by the Commissioner (see Jt Stip at 10-11), the Court finds that reversal is not warranted based on the ALJ's alleged failure to properly consider Dr. Umakanthan's initial assessment of plaintiff on February 17, 2006 as reflected at AR 197-99 and not warranted based on the ALJ's alleged failure to properly consider Dr. Khankhanian's assessment of plaintiff on June 21, 2007 as reflected at AR 159-60. The Court also notes that neither assessment purported to be an evaluation of plaintiff's permanent status.

However, for the reasons discussed hereafter, the Court concurs with plaintiff that the ALJ failed to properly consider Dr. Umakanthan's May 10, 2006 evaluation of plaintiff's mental work capacity. (See AR 206-07). Since the Court therefore is unable to affirm the ALJ's determination of plaintiff's residual functional capacity ("RFC"), it is unnecessary for the Court to reach the issue of whether the ALJ properly considered the actual physical and mental demands of plaintiff's past relevant work (Disputed Issue No. 4) or the issue of whether the ALJ posed a complete hypothetical question to the vocational expert (Disputed Issue No. 5).

It is well established in this Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20

3

1  C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  If the treating physician's opinion is
2  uncontroverted by another doctor, it may be rejected only for "clear and convincing"
3  reasons.  See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan,
4  923 F.3d 1391, 1396 (9th Cir. 1991).  Where, as here, the treating physician's opinion
5  is controverted, it may be rejected only if the ALJ makes findings setting forth specific
6  and legitimate reasons that are based on the substantial evidence of record.  See
7  Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).
8  Thus, the mere fact that a treating physician's opinion is controverted by another
9  physician's opinion is not in itself a sufficient reason to reject the treating physician's
10 opinion, but rather is merely determinative of the governing standard for rejecting the
11 treating physician's opinion.

12      Here, the ALJ's RFC determination constituted an implicit rejection of the
13 opinions of plaintiff's treating psychiatrist, Dr. Umakanthan, rendered May 10, 2006,
14 that, as a result of plaintiff's mental impairment, she was extremely limited (i.e.,
15 lacked any "useful ability to function") in several functional areas, and that her
16 impairments or treatment would cause her to be absent from work 3 days or more per
17 month.  (See AR 206-07).  The ALJ's stated reasons for rejecting Dr. Umakanthan
18 assessment of the severity of the limitations due to plaintiff's mental impairment were:

19      "[T]he psychiatrist completed this form after only three months of
20      treatment; the accompanying treatment notes do not support the level of
21      impairment indicated; and the psychiatrist noted improvement within one
22      month of the date he completed the report.  In this regard, the
23      undersigned notes that the psychiatrist indicated that he was unable to
24      assess any limitations in many areas of functioning based on his
25      examination or review of medical records.  The medical expert testified
26      that the opinion . . . is not supported by the evidence of record." (AR 14-

15).[2]

The Court concurs with plaintiff that the fact that Dr. Umakanthan rendered his assessment after only three months of treatment does not constitute a specific and legitimate reason for rejecting that assessment in favor of the assessment of a medical expert who had never treated or even examined plaintiff. See Lester, 81 F.3d at 831 (holding that the opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of a treating physician). Further, the ALJ's conclusory assertion that Dr. Umakanthan's accompanying treatment notes "do not support the level of impairment indicated" and his adoption of the medical expert's testimony that Dr. Umakanthan's opinion was "not supported by the evidence of record" constitute the same kind of non-specific boilerplate language rejected by the Ninth Circuit as insufficient in Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). There, the Ninth Circuit observed, "To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim." Id. at 421. Further, in view of the Commissioner's failure to articulate how the fact that Dr. Umakanthan checked off the "unknown" box with respect to several of the functional areas listed on the evaluation form detracted from the opinions that Dr. Umakanthan did render, the Court declines to find that this "reason" constituted a specific and legitimate reason for rejecting Dr. Umakanthan's

---

[2] To the extent that the Commissioner has purported to proffer additional reasons why Dr. Umakanthan's opinions should not be credited (e.g., it was a "check box" form without accompanying explanation or objective findings," see Jt Stip at 9), the Court is unable to consider those reasons. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Ceguerra v. Sec'y of Health & Human Svcs., 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.").

opinions. Finally, it does not follow from the fact that Dr. Umakanthan noted some improvement in plaintiff's condition the next month that he no longer held the opinions reflected in his May 10, 2006 evaluation (or that those opinions no longer were valid). If the ALJ believed that Dr. Umakanthan's opinions may have changed as a result of the improvement in plaintiff's condition, he should have inquired further of Dr. Umakanthan. See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991) (ALJ's duty to develop the record is "especially important" in cases of mental impairments); Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) (ALJ's duty to fully and fairly develop the record exists even when the claimant is represented by counsel).

## CONCLUSION AND ORDER

As to the issue of the appropriate relief, the law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Here, with respect to Disputed Issue No. 1, plaintiff implicitly has conceded that a remand for further development of the record is warranted. (See Jt Stip at 6 ("Because of this significant error of law, this matter requires remand."), 11 ("Remand is therefore required."). The Court concurs. See also Connett, 340 F.3d at 876

1 (holding that the "crediting as true" doctrine is not mandatory in the Ninth Circuit).
2 This is not an instance where no useful purpose would be served by further
3 administrative proceedings; rather, additional administrative proceedings still could
4 remedy the defects in the ALJ's decision.
5    Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY
6 ORDERED that Judgment be entered reversing the decision of the Commissioner of
7 Social Security and remanding this matter for further administrative proceedings.[3]

9 DATED: March 2, 2009

*/s/ Robert N. Block*

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[3] It is not the Court's intent to limit the scope of the remand.